# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———

No. 14-41119
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 10, 2016

Lyle W. Cayce
Clerk

———

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ROGELIO GUERRERO, also known as Barrotes, also known as Canas, also known as Canoso,

Defendant - Appellant

———

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-502

———

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Rogelio Guerrero appeals the sentence imposed following his jury-trial convictions for:  conspiracy to possess, with intent to distribute, 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846; and possession, with intent to distribute, 389.5 kilograms of marijuana, in violation of §§ 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-41119

Based on Guerrero's role as an "organizer/coordinator", his Pre-sentence Investigation Report (PSR) assessed a base-offense level of 34 and, *inter alia*, a three-point enhancement pursuant to Sentencing Guideline § 3B1.1(c). Guideline § 3B1.1(c) does *not*, however, provide for a three-level enhancement. Instead, it states: "If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels". U.S.S.G. § 3B1.1(c).

On the other hand, § 3B1.1(a) states: "If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels". § 3B1.1(a). And, § 3B1.1(b) provides: "If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels". § 3B1.1(b). In any event, Guerrero did not object to this discrepancy in district court; and, on appeal, did not contend the wrong subsection was applied until his reply brief. Therefore, such a challenge is waived. *See United States v. Rodriguez,* 602 F.3d 346, 360–61 (5th Cir. 2010). (Arguably, Guerrero could have been subject to the four-level enhancement under § 3B1.1(a).)

Instead, prior to sentencing, Guerrero objected to the PSR, and claimed he was not a leader or an organizer. At sentencing, the district court: adopted the PSR; applied the three-level enhancement, bringing Guerrero's total-offense level to 37; and sentenced Guerrero to, *inter alia*, 235 months' imprisonment. In challenging that sentence, Guerrero asserts: the court found he was an organizer based on unreliable and inconsistent statements made by his co-conspirators; and, at most, he was a low-level operative subject to the direction of others in the conspiracy.

No. 14-41119

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

A district court's determination that a defendant was an organizer or leader of criminal activity is a factual finding reviewed for clear error. *United States v. Rodriguez-Lopez*, 756 F.3d 422, 434–35 (5th Cir. 2014). "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013). Moreover, a PSR generally bears sufficient indicia of reliability to be considered for sentencing purposes. *Id.* at 591.

The evidence in the PSR established: Guerrero planned and supervised a drug-transporting operation; he exercised decision-making authority by recruiting, directing, and paying his co-conspirators; and, the conspiracy involved more than five people. Accordingly, the court did not clearly err by finding Guerrero was an organizer of the criminal activity and enhancing his sentence on that basis. *See* § 3B1.1; § 3B1.1, cmt. n.4; *United States v. Cantu-Ramirez*, 669 F.3d 619, 629–30 (5th Cir. 2012) (affirming a § 3B1.1(a) enhancement).

AFFIRMED.